**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4226

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUWANA ANQUANETTE BATES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, District Judge.  (2:89-cr-00251-WLO-6)

Submitted:  November 22, 2006     Decided:  February 5, 2007

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON, BLACKMON, LEE & LAWSON, LLP, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juwana Anquanette Bates appeals the reimposition of supervised release following the revocation of her supervised release and imprisonment for twenty-two months. Bates argues that the district court's reimposition of supervised release under 18 U.S.C. § 3583(h) (2000) violates the Ex Post Facto Clause because the addition of subsection (h) occurred in 1994 and did not apply retroactively to her 1989 offense. As Bates raises this issue for the first time on appeal, review is for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). To establish plain error, Bates must show that an error occurred, that the error was plain, and that the error affected her substantial rights. Id.

Bates' assertion that the district court relied on § 3583(h) in reimposing a term of supervised release is not supported by the materials included in the joint appendix. Though the district court did not identify the statutory authority relied upon in imposing its sentence, it is clear that the court need not have relied on § 3583(h) in reimposing a term of supervised release because 18 U.S.C. § 3583(e)(3) (1988), which was in effect at the time Bates committed her initial offense, provided for the reimposition of supervised release following revocation and reimprisonment. See Johnson v. United States, 529 U.S. 694, 713

(2000).  Therefore, we conclude the district court did not err in reimposing a term of supervised release.

Accordingly, we affirm Bates' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -